IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ERIC TREMAINE WILLIAMS, #46589                              PLAINTIFF

VERSUS                              CIVIL ACTION NO.  3:07-cv-424-HTW-LRA

MARK SHEPPARD, et al.                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER
### DISMISSING THE PLAINTIFF'S COMPLAINT

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On October 12, 2007, this Court entered an order [6] directing the Plaintiff to file a written response, within twenty days, providing specific information regarding his claims.  The Plaintiff was warned that his failure to timely comply with a court order may result in the dismissal of this case.

On January 2, 2008, an order [11] was entered directing the Plaintiff to show cause, within ten days, why this case should not be dismissed for his failure to comply with the Court's October 12, 2007 order.  In addition, Plaintiff was directed to comply with the Court's order by filing his written response, within ten days.  The show cause order warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice.  Plaintiff did not comply with the Court's show cause order.

On January 30, 2008, a final order [12] to show cause was entered.  Plaintiff was directed to show cause, within ten days, why this case should not be dismissed for his failure

to comply with the Court's orders of October 12, 2007 and January 2, 2008.  In addition,

Plaintiff was directed to comply with the Court's orders of October 12, 2007 and January 2,

2008, by filing his written response, within ten days.  This final show cause order also

warned Plaintiff that failure to timely comply with the requirements of the order would lead

to the dismissal of his complaint, without further notice.  Plaintiff has not complied with the

Court's final show cause order.

Plaintiff has failed to comply with three Court orders.  This Court has the authority to

dismiss an action for failure to prosecute and failure to comply with court orders under Rule

41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss

the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*,

157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The

Court must be able to clear its calendars of cases that remain dormant because of the inaction

or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious

disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent

undue delays in the disposition of pending cases and to avoid congestion in the calendars" of

the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and

failure to comply with the orders of the Court under Rule 41(b) of the FEDERAL RULES OF

CIVIL PROCEDURE is proper.  Since the defendants have not been called on to respond to

Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the

Court's order of dismissal is without prejudice.  *See Munday/Elkins Automotive Partners,*

*LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED this the 2nd day of March, 2008.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE